titled to recover, and by cross-action sought to recover of appellee damages alleged to have been sustained to his truck.

The case was tried to a jury upon special issues, fifty-eight in number. Upon the answers of the jury, judgment was rendered in favor of the defendant appellant, but, upon motion of the plaintiff appellee, that judgment was set aside and judgment entered for appellee in the sum of $5,650.

Appellant's motion for a new trial was overruled, and he brings this appeal.

Appellee admits that there is fundamental error in the record and that because of same, the judgment should be reversed. Accordingly the judgment is reversed, and the cause remanded for another trial.

**JEFFERSON STANDARD LIFE INSURANCE CO. et al., Appellants, v. Claude E. ADREAN et al., Appellees.**

**No. 9352.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 18, 1933.

Rehearing Denied Nov. 22, 1933.

Seabury, George & Taylor, of Brownsville, and A. J. Rabel, of Harlingen, for appellant.

A. K. Black, of Brownsville, for appellee.

PER CURIAM.

Appellees secured a temporary injunction enjoining the trustee in a deed of trust from selling real estate under the power of sale provided for in the deed of trust.

Appellants moved to dissolve the injunction, which was by the trial court refused, and, from the order refusing to dissolve this injunction, appellants have prosecuted this appeal.

The application for the injunction was based upon the provisions of House Bill No. 231 (c. 102), passed by the 43d Legislature at its Regular Session (Vernon's Ann. Civ. St. art. 2218b). We have previously held this act unconstitutional and void in so far as it attempts to provide for the staying of trustee sales of real estate. Murphy v. Phillips, 63 S.W.(2d) 404. For the reasons stated in that opinion, we hold that this injunction should have been dissolved.

The judgment of the trial court is reversed, and judgment here rendered dissolving the temporary injunction.

**A. J. RABEL and Jefferson Standard Life Insurance Company, Appellants, v. Mrs. A. A. V. COWEN et al., Appellees.**

**No. 9354.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 18, 1933.

Rehearing Denied Nov. 29, 1933.

Seabury, George & Taylor, of Brownsville, and A. J. Rabel, of Harlingen, for appellants.

Raphael Cowen, of Brownsville, for appellees.

PER CURIAM.

Appellees secured a temporary injunction enjoining the trustee in a deed of trust from selling real estate under the power of sale provided for in the deed of trust.

Appellants moved to dissolve the injunction, which was by the trial court refused, and, from the order refusing to dissolve this injunction, appellants have prosecuted this appeal.

The application for the injunction was based upon the provisions of House Bill No. 231, passed by the 43d Legislature at its Regular Session (chapter 102 [Vernon's Ann. Civ. St. art. 2218b]). We have previously held this act unconstitutional and void in so far as it attempts to provide for the staying of trustee sales of real estate. Murphy v. Phillips (Tex. Civ. App.) 63 S.W.(2d) 404. For the reasons stated in that opinion, we hold that this injunction should have been dissolved.

The judgment of the trial court is reversed, and judgment here rendered dissolving the temporary injunction.

**A. J. RABEL and Jefferson Standard Life Ins. Co., Appellants, v. A. ORIVE, Jr., et al., Appellees.**

**No. 9353.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 18, 1933.

Rehearing Denied Nov. 29, 1933.

Seabury, George & Taylor, of Brownsville, and A. J. Rabel, of Harlingen, for appellants.

Raphael Cowen, of Brownsville, for appellees.

PER CURIAM.

Appellees secured a temporary injunction enjoining the trustee in a deed of trust from selling real estate under the power of sale provided for in the deed of trust.

Appellants moved to dissolve the injunction, which was by the trial court refused, and, from the order refusing to dissolve this injunction, appellants have prosecuted this appeal.

The application for the injunction was based upon the provisions of House Bill No. 231, passed by the 43d Legislature at its Regular Session (chapter 102 [Vernon's Ann. Civ. St. art. 2218b]). We have previously held this act unconstitutional and void in so far as it attempts to provide for the staying of trustee sales of real estate. Murphy v. Phillips (Tex. Civ. App.) 63 S.W.(2d) 404. For the reasons stated in that opinion, we hold that this injunction should have been dissolved.

The judgment of the trial court is reversed, and judgment here rendered dissolving the temporary injunction.

**J. C. REYNOLDS et al. v. T. Vernon JONES et al.**

No. 1454.

Court of Civil Appeals of Texas. Waco.

Oct. 12, 1933.

Rehearing Denied Nov. 16, 1933.

Nat Harris, of Waco, for plaintiffs in error.

S. J. T. Smith, of Waco, for defendants in error.

ALEXANDER, Justice.

It appears that on April 27, 1933, this court affirmed the above cause on certificate. See Reynolds v. Jones, 60 S.W.(2d) 855. The plaintiffs in error have now brought up the same cause of action by writ of error. We are of the opinion that the questions involved therein have become moot and that the cause of action should be dismissed, and it is accordingly so ordered.

**Minnie Ethel ROGERS, Appellant, v. M. Tilford JONES et al., Appellees.**

No. 9326.

Court of Civil Appeals of Texas. San Antonio.

Oct. 18, 1933.

Rehearing Denied Nov. 22, 1933.

John J. Pichinson, of Corpus Christi, for appellant.

John C. North, of Corpus Christi, for appellees.

PER CURIAM.

Appellant herein sued to enjoin the appellees from selling real estate under the power of sale stipulated in a certain deed of trust.

Appellant based her petition upon the provisions of the so-called Moratorium Law, which is House Bill No. 231 (c. 102), passed by the regular session of the 43d Legislature (Vernon's Ann. Civ. St. art. 2218b).

This court has very recently decided, in the case of Malachy Murphy v. E. O. Phillips et al., 63 S.W.(2d) 404, that House Bill No. 231 is unconstitutional and void, wherein it attempts to stay trustee sales of real estate provided for in deeds of trust.

For the reasons therein stated, we are of the opinion that the trial judge properly refused the injunction herein prayed for by appellant.

The temporary injunction heretofore granted by this court will be, in all things, dissolved.

The judgment is affirmed.